Mr. Stuart Thomas Chief of Police Little Rock Police Department 700 West Markham Little Rock, Arkansas 72201-1329
Dear Chief Thomas:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether your decision to release records under the Arkansas Freedom of Information Act ("FOIA"), regarding the suspension of a police officer is consistent with that Act. See A.C.A. §§ 25-19-101 to -109 (Repl. 2002) and (Supp. 2005). Specifically, you have enclosed an FOIA request seeking "information under the Freedom of Information Act on any disciplinary action the investigative officer in [a particular citizen complaint] may have received." You have characterized the request as being for "an internal investigation file of a citizen's complaint"[1] and state that "[s]uch files are regarded as employee evaluation or job performance records." You also state that the "investigation resulted in the suspension of one of our officers for 12 days and the officer did not appeal this action." You state that it is your opinion that "everything in the file is available for disclosure with the exception of the disciplinary history of the officer, a memo from an Internal Affairs Detective to his immediate supervisor and the administrative evaluation forms." You have enclosed the file for my review.
RESPONSE
In my opinion your decision is in most respects consistent with the FOIA. Your decision to release the majority of the records in question as having met the test for the release of employee evaluation or job performance records is in my opinion consistent with the FOIA. It is my opinion additionally, that your decision to withhold the "disciplinary history of the officer" is consistent with the FOIA as long as this history did not form a basis for this particular suspension and did not form the basis for any other suspension or termination.[2] In my opinion, however, your decision to withhold "a memo from an Internal Affairs Detective to his immediate supervisor and the administrative evaluation forms" is inconsistent with the FOIA. To the extent these documents are responsive to the FOIA request, I can find no exemption that would shield them from public inspection and copying.
As I recently stated to you in Op. Att'y Gen. 2005-267, I have consistently opined that records in an Internal Affairs file that have been generated at the behest of an employer in the course of investigating a complaint against an employee constitute "employee evaluation/job performance records" within the meaning of the FOIA. Id., citing Ops. Att'y Gen. 2005-094; 2004-178; 2003-306; and 2001-063. The great majority of the records you have enclosed for my review are in my opinion "employee evaluation or job performance records."
"Employee evaluation/job performance records" may not be released unless the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1) (Supp. 2005).
You have indicated that the officer in question was suspended and that he has elected not to appeal the suspension. In addition, it appears that the time period for filing any such appeal has expired. Records which "form a basis" for the decision to suspend the officer in question are thus open to public inspection and copying if there is a "compelling public interest in their disclosure." As I stated in Op. Att'y Gen. 2005-175, "[t]his office has concluded on various occasions that any document up to and including a notice of suspension or termination that details the reasons for the disciplinary action should be deemed to have `formed a basis' for that action. See, e.g., Ops. Att'y Gen. Nos. 2005-112, 2005-030, 2003-381, 2002-158, 2002-144, 97-415, and 95-171." With regard to the requirement of a compelling public interest, I have previously stated that:
 The FOIA at no point defines the phrase "compelling public interest." However, two leading commentators on the FOIA have provided some guidelines for making the factual determination whether such an interest exists. See J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004). The authors state, for instance: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Id. at 205. They further observe: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Id. at 204, 205. Elaborating on this point, they remark: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 207. They additionally note that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Id. at 206 (remarking that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue."). However, Professors Watkins and Peltz note that "[i]n some cases, . . . rank is unrelated to importance" — a proposition they illustrate by suggesting that "[t]he public has a great interest in the performance of police officers and other law enforcement officials, and in this case the `cop on the beat' is just as important as the chief of police." Id. at 207.
Opinion No. 2005-175 at 3-4.
In my opinion you have correctly determined that the great majority of records in question "formed a basis" for the suspension and that there is a compelling public interest in their release. The great majority of the documents in question, which are a part of the internal affairs file, appear to form a basis for the suspension, as discussed above, and in my opinion you are correct that the circumstances give rise to a "compelling public interest." The documents reflect a violation of departmental rules by a "cop on the beat" in his interactions with the public. As I stated in Op. Att'y Gen. 2005-175:
 Virtually all of the documents you have supplied relate directly or indirectly to some violation of departmental rules. In Ark. Op. Att'y Gen. No. 1997-400, one of my predecessors observed:
 With regard to the existence of a "compelling public interest in disclosure". . ., it is my opinion that the nature of the problem that led to the suspension compels disclosure in this instance where the activities detailed in the records violated administrative rules and policies aimed at conduct which could undermine the public trust and/or compromise public safety. See generally J. Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT 135 (2nd ed. 1994) (discussing the" compelling public interest" question).
 In my opinion, the operative language in this excerpt is "administrative rules and policies aimed at conduct which could undermine the public trust and/or compromise public safety."
Id. at 5, quoting Op. Att'y Gen. 1997-400. See also, Op. Att'y Gen. 1998-210.
The records you have enclosed with your request reflect that the suspension occurred as a result of violation of rules aimed at this type of conduct. As a consequence, your decision to release the great majority of the records in question is consistent with the FOIA.
You have noted three types of documents, however, that you have decided are exempt from release: 1) disciplinary history of the officer; 2) a memo from an Internal Affairs Detective to his immediate supervisor; and 3) administrative evaluation forms.
As I have stated above, in my opinion your decision to withhold the "disciplinary history of the officer" is consistent with the FOIA to the extent the information in such history did not form a basis for any suspension or termination. These are clearly "employee evaluation or job performance records" and if they did not form a basis for any suspension or termination they do not meet the test set out above for release of that category of records.
With regard to the "memo from an Internal Affairs Detective to his immediate supervisor," I am uncertain, as an initial matter, to which document you refer. This reference may either be to a December 1, 2005 scheduling memo, or to an October 20, 2005 memo. In my opinion neither record is exempt from inspection and copying under the FOIA. It is debatable whether the former document is in fact an "employee evaluation or job performance record" because its content does not "detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents." See Op. Att'y Gen. 2005-011. If it is properly classified as an "employee evaluation or job performance" record, it meets the test as discussed above. If it is a personnel record or a mere public record, there is nothing contained in the document that meets the test for any applicable exemption. See, e.g., Op. Att'y Gen. 2005-267. If you are referring to the October 20, 2005 memo, it is clearly a job performance record, which again, meets the test for release of such records, as set out above.
In my opinion a similar conclusion obtains with regard to the "administrative evaluation forms." These records are clearly "employee evaluation or job performance records" which are subject to release under the test for the release of that category of records. In my opinion, therefore, your decision as to the administrative evaluation forms and the memo from the Internal Affairs Detective is not consistent with the FOIA.
I will note as a final matter, however, that in releasing the files in question, one type of information should be redacted.See Ops. Att'y Gen. 2005-113; 2003-257; and 2003-115 (requiring redaction of drivers' license numbers contained in law enforcement records).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] The FOIA request made in this instance does not mention an internal investigation, seeking only information on "any disciplinary action the investigating officer . . . may have received" with regard to the particular citizen complaint at issue. I assume, however, perhaps from your conversations or correspondence with the requester of which I have not been made aware, or otherwise, that you deem the entire investigative file as being responsive to the FOIA request.
[2] Again, I assume in some way you deem this disciplinary history, which is a part of the internal investigative file, as being responsive to the FOIA request, although the history does not appear to relate to the citizen complaint about which the requester inquired.